UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| IN RE: | John Michael Donald | : | Case No.: 17-70396-PMB |
|---|---|---|---|
|  | Tajana Marchelle Donald | : |  |
|  |  | : | CHAPTER 13 |
|  | DEBTORS | : |  |
|  |  | : |  |

**THIRD AMENDED CHAPTER 13 PLAN**

**Extension (X)**                                              **Composition (  )**

You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.      **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.      **Plan Payments and Length of Plan**. Debtor will pay the sum of $1,425.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

(X) IF CHECKED, Plan payments will increase by $851.00 monthly in November 2020, upon completion or termination of non-filing spouse's car payments. The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3.      **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4.      **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    A.    **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

    B.    **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $3,750.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. In addition, Berry & Associates has advanced a total of $408.00 for filing ($310), credit report ($53) and counseling ($25), and tax transcript ($20) fees to be paid as an administrative expense for a total fee of $4,158.00. The amount of $0.00 was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $4,158.00, as allowed under General Order 18-2015, as follows:

    (i) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $4,158.00 after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $1,168.00 per month until the fees are paid in full;

    (ii) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000.00 (amount not to exceed $2,000.00);

    (iii) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $2,000.00 as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal;

    (iv) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid;

    (v) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and

    (vi) Non-base fees are to be disbursed as outlined in the attached Addendum to Chapter 13 Plan.

5.    **Priority Claims.**

    A.    **Domestic Support Obligations.**

    None.

    B.    **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)Creditor | (b)Estimated claim |
|---|---|
| GA DOR | 326.00 |
| IRS | 15,387.00 |
| Michigan Dept of Treasury | 2,200.00 |

6.   **Secured Claims.**

    A.   **Claims Secured by Personal Property Which Debtor Intends to Retain.**

        i.   **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). Each creditor listed below shall have an administrative lien on its respective payment(s), subject to objection.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan:

| (a) Creditor | (b) Collateral | (c) Monthly Adequate Protection Payments |
|---|---|---|
|  |  |  |

        ii.   **Post Confirmation payments.** After confirmation of the plan, monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

           (a).   **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| IRS | Any unencumbered property | N/A | $1,760.00 | 4% | $30.00 |
| Purchasing Power | HHG | N/A | $500.00 | 4% | $25.00 |
| Michigan Department of Treasury | Any unencumbered property | N/A | $4,889.00 | 4% | $100.00 |

(c).    **Other provisions.**

B.    **Claims Secured by Real Property Which Debtor Intends to Retain and Provide For Pursuant to § 1322(b)(5)**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed

by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

Debtor makes these provisions in accordance with 11 U.S.C. § 1322(b)(5) and, accordingly, these claims are not subject to Discharge upon completion of the Plan pursuant to 11 U.S.C. § 1328(a)(1).

    None.

C.    **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as general, unsecured debt. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

    None.

7.    **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $47,073.00. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $47,073.00 or 100% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8.    **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

    None.

9.    **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10.    **Other Provisions:**

A.    **Special classes of unsecured claims.**

B.    **Other direct payments to creditors.** US Auto to be paid direct by cosigner.

C. **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim or file a motion to avoid the lien associated with the claim as applicable. Upon the filing of a motion to avoid the lien of any creditor, paragraph 10(D) of this plan shall apply as though the creditor had been named therein. Allowed claims in this class shall receive 5% interest.

D. **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

Consumer Portfolio Services Inc., Gateway Financial Solutions

Date: August 8, 2018

_____/s/_____      _____/s/_____
Carrie Oxendine, Bar No.: 141478      John Michael Donald
Berry & Associates
2751 Buford Hwy                                   _____/s/_____
Suite 600                                                   Tajana Marchelle Donald
Atlanta, Georgia 30324
(404) 235-3300
carrie@mattberry.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** **John Michael Donald** : | **Case No.**: 17-70396-PMB |
| **Tajana Marchelle Donald** : | |
| : | CHAPTER 13 |
| **DEBTORS** : | |
| : | |

## ADDENDUM TO CHAPTER 13 PLAN

      Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(i), above. If the base fee has been paid in full, then the fee shall be paid up to $1,168.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

## CERTIFICATE OF SERVICE

    This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the following parties with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Melissa J. Davey
Chapter 13 Trustee
260 Peachtree Street, Suite 200
Atlanta GA 30303

John M. Donald
Tajana M. Donald
2862 Amerson Way
Jonesboro GA 30294

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta GA 30324

(Plus to all creditors on attached Creditor Mailing Matrix)

This the 8th day of August, 2018.

                                                /s/
                                        Carrie Oxendine
                                        GA Bar No. 141478
                                        Attorney for the Debtor

BERRY & ASSOCIATES
2751 Buford Highway, Suite 600
Atlanta, GA 30324
(404) 235-3300

```
Label Matrix for local noticing            AT&T                                        (p)AARON S INC
113E-1                                     208 S Akard St                              PO BOX 100039
Case 17-70396-pmb                          Dallas TX 75202-4206                        KENNESAW GA 30156-9239
Northern District of Georgia
Atlanta
Wed Aug  8 13:39:28 EDT 2018

Advance America                            Advance America, Cash Advance Centers of MI,    Apria Healthcare LLC
Cash Advance Centers of Alabama, LLC       135 N. Church Street                            ATTN: Legal Department
1931 W Main St.                            Spartanburg, SC 29306-5138                      26220 Enterprise Ct
Centre, AL 35960-2812                                                                      Lake Forest CA 92630-8405


BCBS                                       Matthew Thomas Berry                        Best Bank
6000 LaFayette East                        Matthew T. Berry & Associates               3200 Greenfield Rd
Detroit MI 48226                           Suite 600                                   Dearborn MI 48120-1802
                                           2751 Buford Highway, NE
                                           Atlanta, GA 30324-5457


Capital One                                Cardworks/CW Nexus                          Chase Bank
Attn: Bankruptcy                           Attn: Bankruptcy                            270 Park Avenue
PO Box 30253                               PO Box 9201                                 New York NY 10017-2070
Salt Lake City, UT 84130-0253              Old Bethpage, NY 11804-9001


Check N Go                                 (p)CARTER YOUNG INC                         Comcast
7755 Montgomery Rd Suite 400               882 N MAIN STREET                           PO Box 530099
Cincinnati OH 45236-4197                   SUITE 120                                   Atlanta, GA 30353-0099
                                           CONYERS GA 30012-4442


Consumer Portfolio Services, Inc.          Consumer Portfolio Services, Inc.           Consumer Portfolio Svc
FCA US LLC                                 c/o Lefkoff Rubin Gleason & Russo PC        Attn: Bankruptcy
AFS- CT Corporation System                 5555 Glenridge Connector, Suite 900         19500 Jamboree Rd
289 S Culver St                            Atlanta GA 30342-4762                       Irvine, CA 92612-2411
Lawrenceville GA 30046-4805


Credit Acceptance                          DTE Energy                                  Melissa J. Davey
25505 West 12 Mile Rd                      1 Energy PLaza                              Melissa J. Davey, Standing Ch 13 Trustee
Suite 3000                                 Detroit MI 48226-1221                       Suite 200
Southfield, MI 48034-8331                                                              260 Peachtree Street, NW
                                                                                       Atlanta, GA 30303-1236


Detroit Water & Sewage                     (p)DIRECTV LLC                              Directv, LLC
15600 Grand River                          ATTN BANKRUPTCIES                           by American InfoSource LP as agent
Detroit MI 48227-2225                      PO BOX 6550                                 4515 N Santa Fe Ave
                                           GREENWOOD VILLAGE CO 80155-6550             Oklahoma City, OK 73118-7901


John Michael Donald                        Tajana Marchelle Donald                     Matthew Joshua Dyer
2862 Amerson Way                           2862 Amerson Way                            Matthew T. Berry & Associates
Jonesboro, GA 30294-3833                   Jonesboro, GA 30294-3833                    2751 Buford Highway NE
                                                                                       Suite 600
                                                                                       Atlanta, GA 30324-5457


ERC/Enhanced Recovery Corp                 FCA US LLC Customer Care                    Fingerhut
Attn: Bankruptcy                           PO Box 21-8004                              4400 Baker Rd
8014 Bayberry Rd                           Auburn Hills MI 48321-8004                  Minnetonka MN 55343-8668
Jacksonville, FL 32256-7412
```

```
Fingerhut                            First National Credit Card/Legacy      First Premier Bank
6250 Ridgewood Rd                    First National Credit Card             601 S Minnesota Ave
St Cloud, MN 56303-0820              PO Box 5097                            Sioux Falls, SD 57104-4868
                                     Sioux Falls, SD 57117-5097


Moe Freedman                         Fst Premier                            Gateway Financial
Michigan Department of Attorney General   601 S Minneapolis Ave             Po Box 3257
Suite 10-300                         Sioux Falls, SD 57104                  Saginaw, MI 48605-3257
3030 W. Grand Blvd.
Detroit, MI 48202-6030


(p)GEORGIA DEPARTMENT OF REVENUE     Georgia Power                          Internal Revenue Service
COMPLIANCE DIVISION                  241 Ralph McGill Blvd, Bin #10102      401 W. Peachtree St NW
ARCS BANKRUPTCY                      Atlanta, GA 30308-3374                 Stop 334-D
1800 CENTURY BLVD NE SUITE 9100                                             Atlanta, GA 30308-3539
ATLANTA GA 30345-3202


Johnta Donald                        Loan at Last                           MERRICK BANK
2862 Amerson Way                     Niizhaaswi LLC dba Loan at Last        Resurgent Capital Services
Jonesboro GA 30294-3833              PO Box 1193                            PO Box 10368
                                     Lac Du Flambeau, WI 54538-1193         Greenville, SC 29603-0368


Michigan Department of Treasury      Mid America Bk/total C                 Midland Funding, LLC
430 W Allegan St                     5109 S Broadband Ln                    MIDLAND CREDIT MANAGEMENT, INC. as agent
Lansing MI 48922-0001                Sioux Falls, SD 57108-2208             for MIDLAND FUNDING LLC
                                                                            PO Box 2011
                                                                            Warren, MI 48090-2011


NPRTO Georgia, LLC                   Carrie L Oxendine                      Premier Bank
256 West Data Drive                  Matthew T. Berry & Associates          2866 White Bear Ave
Draper, UT 84020-2315                Suite 600                              Maple Woods MN 55109-1384
                                     2751 Buford Highway NE
                                     Atlanta, GA 30324-5457


Progressive Leasing                  Purchasing Power                       Quantum3 Group LLC as agent for
PO Box 413110                        1349 W Peachtree St. Ste 1100          CASCADE CAPITAL LLC SERIES C
Salt Lake City, UT 84141-3110        Atlanta, GA 30309-2956                 PO Box 788
                                                                            Kirkland, WA  98083-0788


Rep/build                            Resurgens Orthopedics                  State of Michigan Department of Treasury
Po Box 9203                          PO Box 720580                          3030 W. Grand Blvd,Ste 10-200
Old Bethpage, NY 11804-9003          Atlanta, GA 30358-2580                 Detroit, MI 48202-6030


Teresa R. Stephens                   Strategic Management Properties        Tandem Federal Cr Un
Matthew T. Berry & Associates        100 Carrington Pk                      21043 Mound Rd
Suite 600                            Jonesboro GA 30236-2888                Warren, MI 48091-2998
2751 Buford Highway NE
Atlanta, GA 30324-5457


Kelly D. Thomas                      Total Bank                             U. S. Attorney
Matthew T. Berry and Associates      100 SE 2nd St                          600 Richard B. Russell Bldg.
Suite 600                            Miami FL 33131-2135                    75 Ted Turner Drive, SW
2751 Buford Highway NE                                                      Atlanta GA 30303-3315
Atlanta, GA 30324-5457
```

```
Us Auto Finance/us Aut                              Winnebago County
824 N Market St Ste 220                             111 West Jackson Blvd Suite 600
Wilmington, DE 19801-3024                           Chicago IL 60604-3517
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Aarons Sales & Lease                Collectron Of Atlanta/Carter-Young    DirecTV
Attn: Bankruptcy                    Attention: Bankruptcy                 2230 E Imperial Highway
309 E Paces Ferry Rd NE             PO Box 82269                          El Segundo, CA 90245
Atlanta, GA 30305                   Conyers, GA 30013


Georgia Department of Revenue
Bankruptcy Unit
1800 Century Blvd, NE, Ste 9100
Atlanta, GA 30345
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)State Of Michigan, Department of Treasury        End of Label Matrix
                                                    Mailable recipients   61
                                                    Bypassed recipients    1
                                                    Total                 62
```

Case 17-70396-pmb    Doc 29    Filed 08/08/18    Entered 08/08/18 14:29:18    Desc Main
                          Document      Page 11 of 11